## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN - AMENDED
### AND RELATED MOTIONS

Name of Debtor(s):  **James R. Peterson**
**Barbara A. Peterson**

Case No:  **12-51344**

This plan, dated _____**April 27, 2013**_____, is:

☐    the *first* Chapter 13 plan filed in this case.

■    a modified Plan, which replaces the
☐confirmed or ■unconfirmed Plan dated **11/27/2012**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**Friday, June 14, 2013 at 9:30 a.m.**
Place of <u>Modified Plan</u> Confirmation Hearing:
**Judge St. John-Newport News Courtroom, U.S. Courthouse, 2400 West Avenue, Newport News, VA**

The Plan provisions modified by this filing are:
**2, 3, 4, 5, 11**

Creditors affected by this modification are:
**All.**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$282,457.00**
Total Non-Priority Unsecured Debt: **$183,170.19**
Total Priority Debt: **$20,123.76**
Total Secured Debt: **$274,075.00**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

1.      **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$100.00 Monthly for 1 month, then $1,410.00 Monthly for 2 months, then $2,712.00 Monthly for 17 months, then $2,786.00 Monthly for 40 months**.  Other payments to the Trustee are as follows:    **NONE**   .  The total amount to be paid into the plan is $    **160,464.00**   .

2.      **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A.      **Administrative Claims under 11 U.S.C. § 1326.**

      1.      The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2.      Debtor(s)' attorney will be paid $   **2,601.00**    balance due of the total fee of $   **3,000.00**    concurrently with or prior to the payments to remaining creditors.

   B.      **Claims under 11 U.S.C. §507.**
           The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **City of Newport News** | **Taxes and certain other debts** | **376.58** | **Prorata** |
|  |  |  | **10 months** |
| **Internal Revenue Svc.-CIO** | **Taxes and certain other debts** | **19,747.18** | **Prorata** |
|  |  |  | **10 months** |

3.      **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   A.      **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** |  |  |  |  |

   B.      **Real or Personal Property to be Surrendered.**

   Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** |  |  |  |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                  Best Case Bankruptcy

C.      **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Auto Credit of Virginia** | **2009 Chrysler PT Cruiser** | **182.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.      **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Auto Credit of Virginia** | **2009 Chrysler PT Cruiser** | **18,997.04** | **5%** | **407.09** **53 months** |
| **Internal Revenue Svc.-CIO** | **All property** | **48,783.34** | **3%** | **Prorata** **40 months** |

E.      **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.      **Unsecured Claims.**

A.      **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __12__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

B.      **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

5.      **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| American Home Mortgage Svc | 111 Plainfield Drive, Newport News 23602 | 1,633.50 | 25,999.84 | 0% | 40 months | Prorata |
| Citifinancial (notice) | 111 Plainfield Drive, Newport News 23602 | 219.44 | 2,520.00 | 0% | 40 months | Prorata |

    B.    **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    C.    **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.      **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A.    **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    B.    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

**A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**    **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**    **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

11.      **Other provisions of this plan:**
Cost of sale of the real estate is $19,704 ($267,200 X .07 + $1,000.00) and the fee of a Chapter 7 Trustee for the sale would be $16,410 (25% of the first $5,000.00 of the sale price, 10% of the next $45,000.00 of the sale price, 5% of any portion of the sale price between $50,000.00 and $1,000,000.00 of the sale price and 3% of any portion of the sale price over $1,000,000.00.)

Total administrative costs if sold in Chapter 7 would be $36,314.

11/24/2012 - Debtor husband commutes to Washington DC to work and is going to maintain an apartment in DC which he expects to be approximately $950 per month.  A copy of the lease will be provided once apartment is obtained and any amendments necessary will be filed after receipt of copy of lease and first pay stub.  Debtor Husband's pay will be showing a  $1041.67 monthly withholding to retirement plan and that will not appear until the first of December, 2012 which will be provided to the Trustee.

The percentage of payback required has changed from the original filing due to debtors owing more on the mortgage than originally listed based upon the claim of the mortgage company and the secured IRS lien.

Debtors propose to step up the plan payment beginning December, 2012 to $2712 which is being funded by debtor husband's new job/increase in pay.  There will be another increase to $2786 beginning 5/2014 due to wife's 401K loan being paid in full the previous month.

2/6/2013 - The plan has been amended due to the objections by the IRS and Trustee.  The POCs have all been reviewed and corrected resulting in a 16% payout to the unsecured creditors.

4/2013: Plan amended to adjust the treatment of the IRS's claim.


**Signatures:**


Dated:   <u>April 27, 2013</u>


<u>/s/ James R. Peterson</u>                                          <u>/s/ Steve C. Taylor</u>
**James R. Peterson**                                               **Steve C. Taylor**
**Debtor**                                                          **Debtor's Attorney**


<u>/s/ Barbara A. Peterson</u>
**Barbara A. Peterson**
**Joint Debtor**


Exhibits:        **Copy of Debtor(s)' Budget (Schedules I and J);**
                 **Matrix of Parties Served with Plan**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

Certificate of Service

I certify that on ___April 27, 2013___, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Steve C. Taylor**

**Steve C. Taylor**
Signature

**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
Address

**(757) 482-5705**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | James R. Peterson<br>Barbara A. Peterson | Case No. | **12-51344** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**American Home Mortgage Svc**
**Homeward Residential**
**POB 619063**
**Dallas, TX 75261**

*Name of creditor*

**111 Plainfield Drive, Newport News 23602**

*Description of collateral*

1.　　The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■　　To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐　　To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2.　　*You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Friday, June 14, 2013 at 9:30 a.m.** |
| Place of confirmation hearing: | **Judge St. John-Newport News Courtroom, U.S.**<br>**Courthouse, 2400 West Avenue, Newport News, VA** |

**James R. Peterson**
**Barbara A. Peterson**
*Name(s) of debtor(s)*

By:　**/s/ Steve C. Taylor**

**Steve C. Taylor**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Steve C. Taylor**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #　**(757) 482-5705**
Fax #　**(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

&#9632;  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

&#9633;  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **April 27, 2013**   .

**/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re  **James R. Peterson**
**Barbara A. Peterson**

Case No.  **12-51344**

Chapter  **13**

Debtor(s)

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Auto Credit of Virginia**
**975 J. Clyde Morris Blvd.**
**Newport News, VA 23601**
*Name of creditor*

**2009 Chrysler PT Cruiser**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■    To value your collateral.  *See Section 3 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 7 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:  **7 days prior to confirmation hearing**

Date and time of confirmation hearing:  **Friday, June 14, 2013 at 9:30 a.m.**

Place of confirmation hearing:  **Judge St. John-Newport News Courtroom, U.S. Courthouse, 2400 West Avenue, Newport News, VA**

**James R. Peterson**
**Barbara A. Peterson**
*Name(s) of debtor(s)*

By:  **/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Steve C. Taylor**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #  **(757) 482-5705**
Fax #  **(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

    ■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

    ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   __**April 27, 2013**__  .

 

                                              **/s/ Steve C. Taylor**
                                              **Steve C. Taylor**
                                              *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **James R. Peterson**
     **Barbara A. Peterson**        Case No.   **12-51344**

                        Debtor(s)        Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **Bierman, Geesing, Ward & Wood**
       **4520 E. West Hwy., #200**
       **Bethesda, MD 20814**

*Name of creditor*

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ■     To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐     To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Friday, June 14, 2013 at 9:30 a.m.** |
| Place of confirmation hearing: | **Judge St. John-Newport News Courtroom, U.S. Courthouse, 2400 West Avenue, Newport News, VA** |

                         **James R. Peterson**
                         **Barbara A. Peterson**
                         *Name(s) of debtor(s)*

By:    **/s/ Steve C. Taylor**
                         **Steve C. Taylor**
                         *Signature*

                         ■ Debtor(s)' Attorney
                         ☐ Pro se debtor

                         **Steve C. Taylor**
                         *Name of attorney for debtor(s)*
                         **133 Mount Pleasant Road**
                         **Chesapeake, VA 23322**
                         *Address of attorney [or pro se debtor]*

                    Tel. #    **(757) 482-5705**
                    Fax #    **(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

&#9632;  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

&#9633;  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **April 27, 2013**  .

**/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| In re | James R. Peterson<br>Barbara A. Peterson | | Case No. | **12-51344** |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Citifinancial (notice)**
**300 St. Paul Place**
**Baltimore, MD 21202**
*Name of creditor*

**111 Plainfield Drive, Newport News 23602**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■      To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Friday, June 14, 2013 at 9:30 a.m.** |
| Place of confirmation hearing: | **Judge St. John-Newport News Courtroom, U.S.**<br>**Courthouse, 2400 West Avenue, Newport News, VA** |

**James R. Peterson**
**Barbara A. Peterson**
*Name(s) of debtor(s)*

By:     **/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Steve C. Taylor**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **(757) 482-5705** |
| Fax # | **(757) 546-9535** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**April 27, 2013**__ .

/s/ Steve C. Taylor
_____
**Steve C. Taylor**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re  **James R. Peterson**
**Barbara A. Peterson**

Debtor(s)

Case No.   **12-51344**

Chapter    **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Internal Revenue Svc.-CIO**
**PO Box 7346**
**Philadelphia, PA 19101-7346**

*Name of creditor*

**All property**

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■    To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **7 days prior to confirmation hearing** |
| Date and time of confirmation hearing: | **Friday, June 14, 2013 at 9:30 a.m.** |
| Place of confirmation hearing: | **Judge St. John-Newport News Courtroom, U.S. Courthouse, 2400 West Avenue, Newport News, VA** |

**James R. Peterson**
**Barbara A. Peterson**
*Name(s) of debtor(s)*

By:  **/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Steve C. Taylor**
*Name of attorney for debtor(s)*
**133 Mount Pleasant Road**
**Chesapeake, VA 23322**
*Address of attorney [or pro se debtor]*

Tel. #   **(757) 482-5705**
Fax #   **(757) 546-9535**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

�■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **April 27, 2013**    .


**/s/ Steve C. Taylor**
**Steve C. Taylor**
*Signature of attorney for debtor(s)*


Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re
**James R. Peterson**
**Barbara A. Peterson**
Debtor(s)

Case No.    **12-51344**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Director** | **Packer** |
| Name of Employer | **IESC** | **Continental Inc.** |
| How long employed | **beginning 10/29/2012** | **42 years** |
| Address of Employer | **1900 M St., NW, Ste. 500**<br>**Washington, DC 20036** | **1830 MacMillan Park Drive**<br>**Fort Mill, SC 29707** |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 10,416.68 | $ 2,778.33 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 10,416.68 | $ 2,778.33 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 2,599.82 | $ 430.65 |
| b. Insurance | $ 0.00 | $ 201.46 |
| c. Union dues | $ 0.00 | $ 48.10 |
| d. Other (Specify):    **401K loan** | $ 0.00 | $ 74.01 |
| **Retirement plan** | $ 1,041.67 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 3,641.49 | $ 754.22 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 6,775.19 | $ 2,024.11 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 256.13 | $ 0.00 |
| 13. Other monthly income<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 256.13 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 7,031.32 | $ 2,024.11 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 9,055.43 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re    **James R. Peterson**
**Barbara A. Peterson**                Case No.    **12-51344**

            Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

    Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,633.50 |
|   a. Are real estate taxes included?      Yes **X**    No ___ | | |
|   b. Is property insurance included?      Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 250.00 |
|              b. Water and sewer | $ | 100.00 |
|              c. Telephone | $ | 40.00 |
|              d. Other   **cell phone** | $ | 120.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 150.00 |
| 4. Food | $ | 525.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 150.00 |
| 8. Transportation (not including car payments) | $ | 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 125.00 |
| 10. Charitable contributions | $ | 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|              a. Homeowner's or renter's | $ | 0.00 |
|              b. Life | $ | 0.00 |
|              c. Health | $ | 0.00 |
|              d. Auto | $ | 50.00 |
|              e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|     (Specify)    **tags, inspections, personal property taxes** | $ | 30.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|              a. Auto | $ | 0.00 |
|              b. Other   **2nd mortgage** | $ | 219.44 |
|              c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other    **See Detailed Expense Attachment** | $ | 2,050.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 6,342.94 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

    **Debtor husband commutes to Washington DC to work and is going to maintain an apartment in DC which he expects to be approximately $950 per month.  A copy of the lease will be provided once apartment is obtained and any amendments necessary will be filed after receipt of copy of lease and first pay stub.**

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | $ | 9,055.43 |
| b.   Average monthly expenses from Line 18 above | $ | 6,342.94 |
| c.   Monthly net income (a. minus b.) | $ | 2,712.49 |

**B6J (Official Form 6J) (12/07)**

**B6J (Official Form 6J) (12/07)**

In re   **James R. Peterson**
      **Barbara A. Peterson**                Case No.  **12-51344**

                                   Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Expense Attachment

**Other Expenditures:**

| | | |
|---|---|---:|
| Personal care | $ | 150.00 |
| Contingent emergency fund | $ | 300.00 |
| Apartment rental in Washington DC (for job) | $ | 950.00 |
| Food while living in Washington DC (for job) | $ | 400.00 |
| Additional gas for motor vehicle to/from DC | $ | 250.00 |
| **Total Other Expenditures** | $ | **2,050.00** |

American Express
777 American Expressway
`
Fort Lauderdale, FL 33337


American Express
P.O. Box 297812
Fort Lauderdale, FL 33329-7812


American Home Mort. Svc. (not)
Corp. Svc. Co., Reg. Ag.
1111 E. Main St., 16th Fl.
Richmond, VA 23219


American Home Mortgage Svc
Homeward Residential
POB 619063
Dallas, TX 75261


Auto Credit of VA (notice)
Shelley Fink, Reg. Ag.
813 Diligence Dr., Ste. 116
Newport News, VA 23606


Auto Credit of Virginia
975 J. Clyde Morris Blvd.
Newport News, VA 23601


Becket & Lee LLP
eCAST Settlement Corporation
PO Box 35480
Newark, NJ 07193-5480


Bierman, Geesing, Ward & Wood
4520 E. West Hwy., #200
Bethesda, MD 20814


Capital One
P O Box 30285
Salt Lake City, UT 84130


Capital One (CERT)
Richard D. Fairbank, CEO
1680 Capital One Drive
Mc Lean, VA 22102

Capital One Bank
POB 12907
Norfolk, VA 23541


Capital One Bank
Corporation Svc. Co., Reg. Ag.
1111 E. Main St., 16th Fl.
Richmond, VA 23219


Carl A. Eason, Esquire
Wolcott Rivers Gates
One Columbus Center Suite 1100
Virginia Beach, VA 23462


Certegy
PO Box 30046
Tampa, FL 33630


Citibank
PO Box 8241
Sioux Falls, SD 57117


Citifinancial (notice)
300 St. Paul Place
Baltimore, MD 21202


Citifinancial (notice)
CT Corp. Sys., Reg. Ag.
4701 Cox Rd., Ste. 301
Glen Allen, VA 23060-6802


City of Newport News
2400 Washington Ave
Newport News, VA 23607


complete payment recovery-Macy
P.O. Box30031
Tampa, FL 33630


Credit Collection Service
c/o New Hampshire Indemnity
Two Wells Avenue
Newton Center, MA 02459

Credit Control Corp.
11821 Rock Landing Dr.
Newport News, VA 23606


Dana Dykhouse-CEO
601 S. Minnesota Ave
Sioux Falls, SD 57104


David K. Chow,MD
P.O. Box3471
Warrenton, VA 20188


Diners CBNA
POB 6241
Sioux Falls, SD 57117-6241


Dominion Virginia Power
P.O. Box 26666
Richmond, VA 23261-6666


ECAST Settlement Corp.
c/o Beckett & Lee LLP
P.O. Box 35480
Newark, NJ 07193


eCast Settlement Corp.
FIA/BOA
POB 35480
Newark, NJ 07193-5480


eCast Settlement Corporation
PO Box 35480
Newark, NJ 07193-5480


Emergency Medical Assoc.
1350 E. Lansing Road #C
East Lansing, MI 48823


Enhanced Recovery Company LLC
8014 Bayberry Rd
Jacksonville, FL 32256-7412


First Bank of Delaware
1000 Rocky Run Pkwy
Wilmington, DE 19803

First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524


Focused Recovery Solutions Inc
9701 Metropolitan Court, Ste B
Richmond, VA 23236-3690


GC Services
P.O. Box 173795
Denver, CO 80217-3795


Hale Dewey & Knight
88 Union Street, Suite 700
Memphis, TN 38103


Harry W. Jernigan, PC
5101 Cleveland Street, St 200
Virginia Beach, VA 23462


Homeward Residential (notice)
CT Corp. Sys., Reg. Ag.
4701 Cox Rd., Ste. 301
Glen Allen, VA 23060-6802


HSBC Bank
P.O. Box 19360
Portland, OR 97280


IC Systems Collections
PO Box 64378
Saint Paul, MN 55164


Internal Revenue Svc.-CIO
PO Box 7346
Philadelphia, PA 19101-7346


J. Thomas Fromme II Esq
10482 ArmstrongStreet
Fairfax, VA 22030


Jefferson Capital Systems
16 McLeland Road
Saint Cloud, MN 56303

```
Jefferson Capital Systems, LLC
PO Box 23051
Columbus, GA 31902-3051


Jefferson Capital Systems, LLC
  for Emerge/Providian
POB 7999
Saint Cloud, MN 56302-9617


Jefferson Capital Systems, LLC
  for Tribute MC
POB 7999
Saint Cloud, MN 56302-9617


Jefferson Capital Systems, LLC
Corp. Svc. Co., Reg. Agent
1111 E. Main St., 16th Fl.
Richmond, VA 23219


Jefferson Capital Systems, PLL
PO Box 7999
Saint Cloud, MN 56302


Jefferson Capital Systems, PLL
Corp. Svc. Co., Reg. Ag.
1111 E. Main St., 16th Fl.
Richmond, VA 23219


Kundra & Assoc
110 N. WashingtonSt
Rockville, MD 20850


LVNV Funding
P.O. Box 10584
Greenville, SC 29603


Macy's
Bankruptcy Processing
P.O. Box 8053
Mason, OH 45040


MLR Solutions
p.o. Box 824
Malvern, PA 19355
```

NAE FCU
3701 Indian River Rd.
Chesapeake, VA 23325-2907


Newport News City Atty-notice
2400 Washington Avenue
Newport News, VA 23607


Pay Pal Buyer Credit
PO Box 960080
Orlando, FL 32896


Peninsula Emergency Pysicians
PO Box 7422
Hampton, VA 23666


Portfolio Recovery Assoc. (RA)
Judith Sugg Scott, Suite 100
120 Corporate Blvd.
Norfolk, VA 23502


Portfolio Recovery Associates
  for Capital One
POB 41067
Norfolk, VA 23541


Quest Diagnositcs Inc.
PO Box 64797
Baltimore, MD 21264


Recovery Management Systems
25 SE 2nd Ave #1120
Miami, FL 33131


Redline Recovery Services
2350 N. Forest Road, Ste. 31B
Getzville, NY 14068


Rent a Center
33 W. mercury Blvd
Hampton, VA 23669


Reston Hospital Center
P.O. Box 13620
Richmond, VA 23225

Reston Pathology
9701 metropolitan Ct, Suite B
Richmond, VA 23236


Reston Radiology
9701 Metropolitan Ct, Suite B
Richmond, VA 23236


Santander Consumer USA
P O Box 560284
Dallas, TX 75356-0284


Sentara Collections
P.O. Box 79698
Baltimore, MD 21279


Sentara Healthcare
333 Fayetteville Street <all
Suite 1100
Raleigh, NC 27601


Steven A.Mirman, Esq.
5101 Cleveland St,St 200
Virginia Beach, VA 23462


Stuart Hooper
11540 Tottenham Pl
Henrico, VA 23233


Toyota Motor Credit Corp
P.O. Box 2730
Torrance, CA 90509


Tri-Cap investments
c/o Richard J. Boudreq
5 Industrial Way
Salem, NH 03079


United Recovery Services
5800 N Course Drive
Houston, TX 77072

US Attorney General
US Dept. of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001


US Attorney's Office
Attn: Greg Stefan, Esq.
101 W. Main St., Ste. 8000
Norfolk, VA 23510


USAA FSB
10750 McDermott Freeway
San Antonio, TX 78288


Verizon Wireless
Bankruptcy Administration
P.O. Box 3397
Bloomington, IL 61702


Worldwide Corp Housing
5175 Parkston Drive #100
Chantilly, VA 20151